UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST BLACK AMERICAN
PRESIDENT,

        Plaintiff

Case No. 1:12-cv-437

Hon. Robert J. Jonker

v.

INTERACT OF KALAMAZOO,
et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff. This matter is now before the court on motions to dismiss filed by defendants InterAct of Kalamazoo[1] (docket no. 7) and Kalamazoo Psychiatric Hospital (KPH) (docket no. 10). The motion and brief filed by KPH adopts the reasoning set forth in the brief filed by InterAct of Kalamazoo. Defendants' motions are unopposed.

    **I.**    **Plaintiff's complaint**

Plaintiff has filed a lengthy, rambling complaint, which commences with the allegation that plaintiff was "locked in the insane asylum in Kalamazoo County on more than one occasion" but was never a "Person Requiring Treatment" under M.C.L. § 330.1401 (defining "[a]n individual who has mental illness"). Compl. at p. 2. The gist of his complaint appears in the second sentence, which reads "The Kalamazoo Psychiatric Hospital along with InterAct and both staff have deemed me to be something that I am not and lied to achieve that credible fictitious lie." *Id.*

---

[1] The court notes that defendant "InterAct of Kalamazoo" is apparently a misnomer, with defendant's actual name being "InterAct of Michigan." Defendant InterAct, however, has not requested the court to change the caption.

Plaintiff alleged that this "mis-carriage of justice" has been going on since 2001 and that he has been forced to take "mind damaging drugs against [his] will". *Id.* Plaintiff recounts, in no particular order, events that have occurred since 2001, e.g., being wrongfully committed to KPH, being injected with Haldol despite a phobia of needles, developing blood clots which nearly killed him in 2003, events that occurred at a Friend of the Court meeting in 1996, a past conviction for use or possession of marijuana in 2006, a previous federal lawsuit against Judge Westra (4:06-cv-48)[2], being committed to the KPH and Kalamazoo County Jail after allegedly attacking a Kalamazoo County Sheriff in 2007, a petition by defendant InterAct in 2008 "to have my court order extended", smearing fecal matter in his cell because the Sheriff's Office would not get him medical attention for his throbbing finger, "violations" stating that "I am not following my dietary restrictions or other devote Muslim behaviors, an incident involving an "idiot bus driver," and being "wrongfully court ordered to take Haldol" while with InterAct in 2003, *Id.* at pp. 3-7.

Attached to plaintiff's complaint are numerous exhibits, including: a criminal history sheet showing 14 arrests of plaintiff from 1987 through 2010; assessments and other records from KPH from 2007; a police report from Parchment, Michigan; a RAP sheet from Kalamazoo public safety which reflects criminal convictions for possession of marijuana and assault and battery; a petition filed in the Kalamazoo County Probate Court for hospitalization in 2007; a clinical certificate by a physician from April 21, 2007, noting that plaintiff was "very psychotic" and concluding that he was a person requiring treatment and recommending hospitalization; another clinical certificate by a different physician from April 23, 2007, noting that plaintiff had a long

---

[2] This particular lawsuit, *Thomas K. Moore v. Judge Westra*, No. 4:06-cv-48, was dismissed with prejudice on June 12, 2006. *See* Judgment, No. 4:06-cv-48 (docket no. 5).

history of psychiatric illness with multiple hospitalizations and concluding that he was a person requiring treatment and recommending hospitalization; and a court order from August 21, 2006 finding that plaintiff was incompetent to stand trial. *See* Attachments (docket no. 1-1).

Plaintiff seeks a variety of relief summarized as follows: make defendants leave him alone and "tell the truth when it comes to me and everybody else"; award plaintiff punitive damages; have all of plaintiff's mental health files destroyed "because they contain in accurate information"; have all of the individuals involved in "trampling over [his] civil rights be fired"; set up a fund so that if the chemicals forced upon him have a detrimental effect later in life he can be afforded "the best care"; and have Dr. Mauger explain why he misused his authority to mistreat plaintiff. *Id.* at p. 9.

## II. Defendants' motion to dismiss

Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the

3

Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### A. Discussion

#### 1. Injunction

As an initial matter, defendants point out that plaintiff was enjoined from filing actions in this court until he paid the filing fee due in a previously dismissed federal case. *See Thomas K. Moore aka First Black American President v. Douglas W. Hillman*, 4:06-cv-43 (Permanent Injunction, May 12, 2006) (docket no. 8). The docket sheet for that case reflects that plaintiff paid the $250.00 filing fee on March 29, 2010. Plaintiff's filing of the present action did not violate the injunction. Dismissal is not appropriate on that ground.

#### 2. **Failure to state a claim**

The court agrees with defendants that plaintiff's "stream of consciousness" complaint fails to state a claim for relief. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with

*pro se* complaints does not require this court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979).

Here, plaintiff's allegations do not set forth a cause of action against defendants. Plaintiff has alleged that at various times between 2001 and 2007, defendants wrongfully considered him to be a person needing treatment for mental illness and lied to him. As an initial matter, plaintiff does not allege as to whether defendants are government actors subject to liability under § 1983. While plaintiff is presumably suing defendant KPH as an arm of the State of Michigan, he has alleged no facts to establish that defendant InterAct is a government actor. Furthermore, plaintiff has submitted certificates from two physicians, both of whom determined that plaintiff was a person requiring treatment and hospitalization. Plaintiff has not alleged that either defendant deprived him of rights secured by the Constitution and laws of the United States. Plaintiff's allegations do not set a forth federal claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678. While the pleading standard in Fed. R. Civ. P. 8 "does not require detailed factual allegations," that standard "demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." *Id.* (Internal quotation marks omitted). While plaintiff's complaint included a number of disjointed factual assertions, his actual claims against defendants amount to nothing more accusations that they "unlawfully harmed" him. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).[3]

---

[3] The court further notes that the claims as alleged in plaintiff's complaint are untimely. The statute of limitations for a § 1983 claim in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property, M.C.L. § 600.5805(10). *Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). Plaintiff has alleged claims against defendants that occurred between 2001 and 2008, more than three years before he filed this action on May 3, 2012. "A defendant may raise a statute of limitations defense in the context of a Rule 12(b)(6) motion to dismiss." *Reid v. Baker*, No. 11-5473, 2012 WL 3893122 at *4 (6th Cir. Sept. 7, 2012), citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012) (stating that the court may dismiss a claim under Rule 12(b)(6) when "the allegations in the

## III. RECOMMENDATION

For these reasons, I respectfully recommend that defendants' unopposed motions to dismiss (docket nos. 7 and 10) be **GRANTED** and that plaintiff's complaint be dismissed.


Dated: March 29, 2013                                /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

complaint affirmatively show that the claim is time-barred.").